1  KATHI VIDAL (State Bar No. 194971)
   kvidal@winston.com
2  MATTHEW R. MCCULLOUGH (State Bar No. 301330)
   mrmccullough@winston.com
3  CARSON SWOPE (State Bar No. 353352)
   cswope@winston.com
4  **WINSTON & STRAWN LLP**
   255 Shoreline Drive, Suite 520
5  Redwood City, CA 94065
   Telephone: (650) 858-6500
6  Facsimile: (650) 858-6550

7  *Attorneys for Petitioner X.AI LLC*

8
9                     UNITED STATES DISTRICT COURT
10                    NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| *In re* Application of X.AI LLC for Subpoena to OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC<br><br>X.AI LLC,<br><br>    Petitioner,<br><br>v.<br><br>OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC<br><br>    Respondents. | Case No. 3:25-mc-80299<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

Petitioner X.AI LLC ("xAI") hereby applies to this Court for an order authorizing certain limited discovery pursuant to 28 U.S.C. § 1782 from Respondents OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC ("OpenAI") for discovery related to a trade secret misappropriation case that xAI filed in the UK (the "UK Litigation").

In support of its application, xAI submits a Memorandum of Points and Authorities, the Declaration of Carson Swope, the Declaration of Bruce Applin, and Exhibits 1-14 attached thereto. The proposed subpoena to be served on OpenAI is also attached as Exhibit 1.

## NATURE OF THE APPLICATION

1. This is a limited purpose action brought pursuant to 28 U.S.C. § 1782 to obtain evidence from OpenAI for use in a foreign judicial proceeding.

2. 28 U.S.C. § 1782(a) authorizes a district court to order parties within its district to provide evidence in support of foreign legal proceedings. This Court has held that a legal entity with an office in a district "resides or is found" in the district. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016); *Super Vitaminas, S.A.*, Misc. Action No. 17-80125-SVK, 2017 WL 5571037, at *2 & n.1 (N.D. Cal. Nov. 20, 2017); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, Misc. Action No. 16-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016).

3. As discussed in greater detail in the accompanying memorandum of law, xAI's Application meets the three statutory requirements set forth in 28 U.S.C. § 1782 because (1) OpenAI "resides or is found" in San Francisco, California—where OpenAI maintains its principal place of business—which is in this district; (2) the discovery sought is for use in the UK Litigation, which is a proceeding before a foreign tribunal; and (3) xAI, as a litigant in the foreign proceeding, is an interested person.

4. xAI's Application also satisfies the four discretionary factors the Supreme Court outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004). As explained further in the accompanying memorandum, OpenAI is not a party in the UK Litigation; UK courts are receptive to evidence provided by way of Section 1782 proceedings in the U.S.; xAI does not seek to circumvent foreign proof-gather restrictions; and xAI's requests are not unduly burdensome.

5. Accordingly, xAI respectfully requests that the Court permit it to serve a subpoena seeking documentary evidence from OpenAI, which is filed herewith as Exhibit 1.

## THE PARTIES

6. xAI is an American corporation having its principal place of business in Palo Alto, California. xAI is a leading artificial intelligence company founded in 2023 to advance human comprehension and capabilities through its Grok large language models (LLMs) and other advanced AI. Ex. 3 at ¶ 3.[1] xAI's Grok is a preeminent frontier model, representing the cutting edge of AI research and development and pushing the boundaries of what AI can do across multiple domains. *Id*. Competing alongside OpenAI's ChatGPT, Google's Gemini and China's DeepSeek, Grok's newest release—Grok 4—is one of the most, if not the most, advanced and powerful generative AI systems in the world, leading industry benchmarks in reasoning and pretraining capabilities. *Id*.

7. OpenAI, Inc. is a registered nonprofit corporation incorporated under the laws of Delaware on December 8, 2015. OpenAI, Inc. is registered as an out-of-state nonprofit corporation with the California Secretary of State and has its principal place of business at 1455 3rd St., San Francisco, CA 94158.

8. OpenAI Global, LLC is a registered limited liability company formed under the laws of Delaware on December 28, 2022. OpenAI Global, LLC is registered as an out-of-state limited liability company with the California Secretary of State and has its principal place of business at 1455 3rd St., San Francisco, CA 94158.

9. OpenAI OpCo, LLC is a registered limited liability company formed under the laws of Delaware on September 19, 2018 as OpenAI L.P. that was later converted to OpenAI OpCo, LLC on January 23, 2023. OpenAI OpCo, LLC is registered as an out-of-state limited liability company

---

[1] For convenience in describing the background in the industry, xAI is citing to relevant portions of the record in a separate lawsuit it recently filed in this Court against another engineer, Xuechen Li, who likewise admitted to copying xAI confidential source code and who had also accepted a position at OpenAI. *See* Ex. 2. Judge Lin recently granted a temporary restraining order in that case. Ex. 4. The timing of two engineers, in two different countries, copying xAI source code and accepting positions with the same competitor is particularly alarming and underscores the critical need for xAI to obtain discovery on an expedited basis directly from OpenAI to support the UK litigation and to enable xAI to protect its most valuable and competitively important trade secrets.

with the California Secretary of State and has its principal place of business at 1455 3rd St., San Francisco, CA 94158.

**JURISDICTIONAL AND VENUE**

10.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 28 U.S.C. § 1782.

11.     This Court is the proper venue for this action because OpenAI resides in this District, including at least because it maintains its principal place of business in this District.

**BACKGROUND**

12.     This Application relates to the theft by one of xAI's first 50 engineers—Jimmy Fraiture—of xAI's leading-edge, proprietary artificial intelligence ("AI") source code and a highly confidential recording of an internal meeting with plans to join xAI's staunch competitor OpenAI, Inc. Applin Decl. at ¶¶ 3-4. Fraiture's theft risks immediate and irreparable harm to xAI, which invested years of engineering effort and billions in financial investment developing its proprietary technology. Ex. 3 at ¶ 3.

13.     Fraiture resigned from xAI on August 1, 2025 in order to move to OpenAI. Ex. 14 at ¶ 2. xAI has recently become aware that on 31 July 2025, the day before his resignation, Fraiture copied xAI source code and other xAI Confidential Information[2] in violation of his Employee Confidential Information and Invention Assignment Agreement ("Agreement"), attached as Ex. 5. *Id*. at ¶ 4-5; Applin Decl. at ¶ 4. Fraiture has already admitted that he copied confidential xAI source code and the video recording to his personal device, that he acted wrongfully, and that he was "not at all times honest" with xAI's internal security team. Ex. 14 at ¶¶ 4, 5, 9, 11.4;.

---

[2] "xAI Confidential Information" shall have the meaning ascribed to the term "Confidential Information" in the AGREEMENT, including: "any and all confidential knowledge, data or information" belonging to xAI, including as relevant here: "trade secrets, proprietary technology, inventions, mask works, ideas, processes, formulas, software in source or object code, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques, and any other work product of any nature and all Works [as defined in the AGREEMENT] and Inventions [as defined in the AGREEMENT] including all Intellectual Property Rights [as defined in the AGREEMENT] in the Works and Inventions [as defined in the AGREEMENT]; [and] any other non-public information that a competitor of Company or any Group Company could use to Company's competitive disadvantage."

14. On September 10 2025, xAI initiated a lawsuit in the High Court of Justice, King's Bench Division in England against Fraiture for, *inter alia*, breach of contract and misappropriation of trade secrets. Ex. 12.

15. xAI's investigations into Fraiture's conduct are continuing. The present Application is made in order to obtain discovery revealing the extent of Fraiture's misappropriation and breach of contract in support of the UK Litigation, to enable xAI to protect its business, for example, by seeking appropriate remedial relief in the UK Litigation.

## TITLE 28 U.S.C. § 1782

16. 28 U.S.C. § 1782 authorizes this Court to order any person in the Northern District of California to produce documents or give testimony for use in a foreign proceeding upon the application of any person with an interest in that proceeding. Specifically, 28 U.S.C. § 1782(a) provides, in relevant part, that:

> The district court of the district in which a person resides or is found may order [them] … to produce a document or other thing for use in a proceeding in a foreign or international tribunal … . The order may be made … upon the application of any interested person and may direct that … the document or other thing be produced, before a person appointed by the court.

17. To obtain discovery in aid of a foreign litigation, a petitioner must show: (a) that the person to provide discovery resides or is found in the district where the application is made; (b) that the information sought is "for use in a proceeding in a foreign or international tribunal"; and (c) that the petitioner is an "interested person" in the foreign proceeding. 28 U.S.C. § 1782. Petitioner satisfies each of these requirements in this case.

18. As set forth in greater detail in the accompanying memorandum of law, xAI's Application meets the three statutory requirements set forth in 28 U.S.C. § 1782 because (1) OpenAI "resides or is found" in San Francisco, California—where OpenAI maintains its principal place of business—which is in this district; (2) the discovery sought is for use in the UK Litigation, which is a proceeding before a foreign tribunal; and (3) xAI, as a litigant in the foreign proceeding, is an interested person.

19. xAI's Application also satisfies the four discretionary factors the Supreme Court outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-49 (2004). In particular, as explained further in the accompanying memorandum, OpenAI is not a party in the UK Litigation; UK courts are receptive to evidence provided by way of Section 1782 proceedings in the U.S.; xAI does not seek to circumvent foreign proof-gather restrictions; and xAI's requests are not unduly burdensome.

## THE SUBPOENA

20. The Subpoena, the substance of which is attached hereto as Exhibit 1, is narrowly tailored to obtain documentary evidence that will support xAI's claims against Fraiture in the UK Litigation.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner requests:

(1) An order pursuant to 28 U.S.C. § 1782 xAI to serve OpenAI with the Subpoena attached hereto as Exhibit 1; and

(2) Such other relief is just and proper.

Dated: September 26, 2025

By: */s/ Kathi Vidal*

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

*Attorneys for Petitioner X.AI LLC*