# EXHIBIT 1

1  KATHI VIDAL (State Bar No. 194971)
   kvidal@winston.com
2  MATTHEW R. MCCULLOUGH (State Bar No. 301330)
   mrmccullough@winston.com
3  CARSON SWOPE (State Bar No. 353352)
   cswope@winston.com
4  **WINSTON & STRAWN LLP**
   255 Shoreline Drive, Suite 520
5  Redwood City, CA 94065
   Telephone: (650) 858-6500
6  Facsimile: (650) 858-6550

7  *Attorneys for Petitioner X.AI LLC*

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| *In re* Application of X.AI LLC for Subpoena to OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC<br><br>X.AI LLC,<br><br>    Petitioner,<br><br>v.<br><br>OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC<br><br>    Respondents. | Case No. 3:25-mc-80299<br><br>**SUBPOENA TO OPENAI, INC., OPENAI GLOBAL, LLC, AND OPENAI OPCO, LLC** |

1         Pursuant to Federal Rule of Civil Procedure 45, Petitioner X.AI LLC hereby requests that OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC produce documents and things in their possession, custody, or control described below at the offices of Winston & Strawn LLP, 275 Shoreline Drive, Suite 520, Redwood City, CA, 94065, or alternatively by email to all counsel of record for Petitioner, within fourteen (14) calendar days from the date of service.

## DEFINITIONS

1. "xAI" means Petitioner X.AI LLC, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, or employees under their control.

2. "You" or "OpenAI" means OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, or employees under Your control.

3. "Fraiture" means Jimmy Fraiture, including but not limited to any and all aliases, agents, representatives, employees, attorneys, or any other persons or entities acting in concert with Fraiture or acting or purporting to act on Fraiture's behalf or at Fraiture's direction.

4. "AGREEMENT" means the Employee Confidential Information and Invention Assignment Agreement that Fraiture executed on or about March 4, 2025, which is attached hereto as Exhibit 1.

5. "xAI Confidential Information" shall have the meaning ascribed to the term "Confidential Information" in the AGREEMENT, including: "any and all confidential knowledge, data or information" belonging to xAI, including as relevant here: (a) trade secrets, proprietary technology, inventions, mask works, ideas, processes, formulas, software in source or object code, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques, and any other work product of any nature and all Works [as defined in the AGREEMENT] and Inventions [as defined in the AGREEMENT] including all Intellectual Property Rights [as defined in the AGREEMENT] in the Works and Inventions [as defined in the

1  AGREEMENT]; [and] any other non-public information that a competitor of Company or any
2  Group Company could use to Company's competitive disadvantage."

3      6.    "ELECTRONIC STORAGE DEVICE(S)" means remote storage systems; servers
4  (including but not limited to virtual servers); hosted servers (including but not limited to virtual
5  hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular
6  telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard
7  drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that
8  can be used to store data or information in any electronic format or that can be used to view, convert,
9  process, or manipulate data or information in any way.

10     7.    "CLOUD STORAGE ACCOUNT(S)" means any account, application, or virtual
11 mailbox capable of sending, receiving, and/or storing messages or information electronically using a
12 computer or other electronic device, and includes, without limitation, cloud-based storage accounts
13 (e.g., Dropbox, Box, iCloud, Google Cloud, Google Drive) and email accounts (e.g., Gmail, Yahoo).

14     8.    The term "DOCUMENT" as used herein shall have the broadest possible construction
15 under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original
16 written, recorded or graphic materials of any nature whatsoever, all mechanical or electronic sound
17 or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters,
18 notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code,
19 statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets,
20 bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls,
21 emails, text messages (including iMessages, SMS/MMS messages and messages sent via any
22 messaging or chat application platform such as Discord, WhatsApp or Signal), and instant or internet
23 messaging sessions (including messages sent via any CLOUD STORAGE ACCOUNT platforms),
24 meetings or other communications or electronic communications of any kind, as well as any
25 information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes,
26 computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM,
27 personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives,
28 flash memory, any information stored on any ELECTRONIC STORAGE DEVICE or in any

CLOUD STORAGE ACCOUNT, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.

9. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including (without limitation) by letter, personal meeting, telephone, radio, telegraph, facsimile, email, text message, teleconference, chat application (e.g., Discord, WhatsApp, Signal), social media posting or comment (including, but not limited to, Facebook, X (f/k/a Twitter), and LinkedIn), etc.

10. The term "PERSON(S)" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

**INSTRUCTIONS**

11. If You are unable to fully answer any request for production due to a lack of knowledge or information, You must answer the request for production to the fullest extent possible and state the reason or reasons why You are unable to completely answer the request for production.

12. In the event any DOCUMENT is withheld from production on the basis of the legal objection or privilege, You shall indicate the following information for each such withheld DOCUMENT, unless such fields themselves contain privileged information, in which case You shall redact such privileged information from the respective logs before serving: (a) date of the DOCUMENT; (b) general character or type of DOCUMENT (e.g., letter, memorandum, notes of meeting, email, attachment); (c) identity of the PERSON in possession or control of the DOCUMENT; (d) identity of the author of the DOCUMENT; (e) identity of the original recipient or holder of the DOCUMENT; (f) relationship of the author, addressee and any other recipient; (g) general subject matter of the DOCUMENT; and (h) legal basis, including, but not limited to, any legal objection or privilege for withholding the DOCUMENT.

13. If any DOCUMENT that is the subject of a request for production was at one time in existence, but was subsequently lost, discarded, or destroyed, identify such DOCUMENT as completely as possible, including the following information: (a) the type of DOCUMENT (e.g., letter, memorandum), (b) the date of the DOCUMENT; (c) the date when the Document became

lost, discarded or destroyed, (d) circumstances under which the DOCUMENT was lost, discarded or destroyed; and (e) the identity of all PERSONS having knowledge of the contents of the DOCUMENT.

14. All DOCUMENTS shall be produced as they are kept in the usual course of business, or You shall organize and label them to correspond with the categories in the request for production, where such request for production includes categories. In this connection, and for purposes of illustration, all DOCUMENTS should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If You choose to produce DOCUMENTS corresponding with the categories in a request for production, where such request for production includes categories, You should identify the file folders, drawers, or cartons in which the DOCUMENTS were originally maintained and the PERSON or PERSONS in whose custody or control such files are or were maintained.

15. If You learn that any of Your responses to these requests for production were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

16. All requests for production herein are continuing in nature, and any subsequently discovered or additional DOCUMENTS responsive to these requests shall be supplied to Plaintiff immediately upon Your identification of such DOCUMENTS.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO.1:**

All COMMUNICATIONS between You and Fraiture that took place before Fraiture became an employee of OpenAI or that involve xAI or xAI Confidential Information, including without limitations any communications with Tifa Chen and including any communications on messaging applications such as Signal or any communications through personal email or messaging accounts.

**REQUEST FOR PRODUCTION NO.2:**

All DOCUMENTS and COMMUNICATIONS related to any meetings between You and Fraiture that took place before Fraiture became an employee of OpenAI or that involve xAI or xAI Confidential Information including DOCUMENTS shared with You by Fraiture.

**REQUEST FOR PRODUCTION NO.3:**

All DOCUMENTS and COMMUNICATIONS related to any offer of employment by You to Fraiture, including without limitation descriptions of Fraiture's intended job responsibilities.

**REQUEST FOR PRODUCTION NO.4:**

All DOCUMENTS and COMMUNICATIONS related to Your internal review and decision-making process about whether to hire Fraiture, including without limitation internal memoranda, recruitment notes, Fraiture's job application, notes or correspondence regarding a review of Fraiture's background and/or concerns, risks, or questions related to hiring Fraiture.

**REQUEST FOR PRODUCTION NO.5:**

All DOCUMENTS and COMMUNICATIONS related to Your onboarding, orientation, and/or intended or actual training of Fraiture.

**REQUEST FOR PRODUCTION NO.6:**

All DOCUMENTS and COMMUNICATIONS related to your soliciting, inducing, or encouraging Fraiture or any xAI employee, consultant, or independent contractor to terminate his or her relationship with xAI or to consider joining OpenAI.

**REQUEST FOR PRODUCTION NO.7:**

All DOCUMENTS and COMMUNICATIONS related to Fraiture soliciting, inducing, or encouraging any xAI employee, consultant, or independent contractor to terminate his or her relationship with xAI or to consider joining OpenAI.

**REQUEST FOR PRODUCTION NO.8:**

All DOCUMENTS and COMMUNICATIONS related to any internal or forensic investigation or inquiry regarding Fraiture's use, misappropriation, dissemination, or onboarding of xAI Confidential Information, including any identification, isolation, or remediation steps taken to prevent such onboarding or dissemination of xAI Confidential Information.

**REQUEST FOR PRODUCTION NO.9:**

All DOCUMENTS and COMMUNICATIONS related to or reflecting any training, reminders, or instructions provided to Fraiture regarding the prohibition of using or disclosing xAI Confidential Information.

**REQUEST FOR PRODUCTION NO.10:**

DOCUMENTS sufficient to identify any email addresses, phone numbers, or other communication methods used by Fraiture to communicate with You before Fraiture became an employee of OpenAI or otherwise identified by Fraiture, at any time, as belonging to Fraiture.

**REQUEST FOR PRODUCTION NO.11:**

DOCUMENTS sufficient to identify all devices from which Fraiture accessed any OpenAI system before Fraiture became an employee of OpenAI including, without limitation, any webpage or application used by Fraiture to apply for a position with OpenAI, including any identifying information for such devices, such as device name, model, make, type, serial number, IP address, MAC address, telephone number, IMEI number, location information (e.g., WiFi or other network identification, GPS location, and/or cell tower location), browser information (e.g., User-Agent information, make, model, and/or version number), or any other information that may identify the device, type of device, and/or location of device.

**REQUEST FOR PRODUCTION NO.12:**

All DOCUMENTS and COMMUNICATIONS related to xAI Confidential Information.

**REQUEST FOR PRODUCTION NO.13:**

DOCUMENTS sufficient to show any source code provided by Fraiture to You.

**REQUEST FOR PRODUCTION NO.14:**

DOCUMENTS sufficient to show any xAI presentations or DOCUMENTS provided by Fraiture to You.

| | |
|---|---|
| Dated: September 26, 2025 | By: */s/ Kathi Vidal* |
| | KATHI VIDAL (State Bar No. 194971)<br>kvidal@winston.com<br>MATTHEW R. MCCULLOUGH (State Bar No. 301330)<br>mrmcullough@winston.com<br>CARSON SWOPE (State Bar No. 353352)<br>cswope@winston.com<br>**WINSTON & STRAWN LLP**<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550 |
| | *Attorneys for Petitioner X.AI LLC* |